J. F. Daly, J.
The objection to the title, urged on this motion by the purchaser, is that the premises are incumbered by a condition in the deed of Peggy Dvckman to Glustavus A. Sacchi, dated January 23, 1860, conveying these premises. The condition is that the lots shall not be used as a cemetery or burying-ground, and that there shall not be erected on the said. *137 premises or any part or parts thereof, any building or buildings which would be a nuisance to the adjoining lands, and that no business or occupation of any kind or description shall be carried on upon the said premises, or any part or parts thereof, which would be a nuisance to the adjoining lands.
A restriction against the carrying on of any special business on the premises would constitute an incumbrance (Helck v. Blinn, N. Y. Common Pleas, 7 Daly). But it is not so with respect to a restriction against nuisances only. Ho greater restriction is imposed in that case than such as the law imposes, and subject to which all property is held. It is urged, by the purchaser, that he may be subjected to vexations suit upon the condition in question, because of its vague and indefinite provisions. Ho action can be successfully maintained against him, unless he creates or suffers a nuisance on his land. Against ill-founded prosecutions he could not be assured, even were there no such condition in the deed. The condition therefore does not increase his liability. It does not create any easement in his lots for the benefit of adjoining owners.
It is not contended that the prohibition of the use of the land for the purposes of a cemetery or burying-ground is any stronger than the existing corporation ordinance (Ords. 1789, c. 49, § 2), enacted by authority of the legislature (Laws of 1813, c. 86, § 267), preventing the interment of the dead, and opening of new cemeteries or burying-grounds, within the city limits.
The objections on other grounds were obviated by proof on the motion, and not pressed.
Motion granted.